**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| THOMAS MARQUEZ, | ) | NO. EDCV 05-00664-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on July 20, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 26, 2005. Plaintiff filed a motion for summary judgment on

1 January 24, 2006. Defendant filed a cross-motion for summary
2 judgment on March 24, 2006. The Court has taken both motions under
3 submission without oral argument. See L.R. 7-15; "Order," filed July
4 21, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleges disability, assertedly beginning October 1, 1995, based on, <u>inter alia</u>, orthopedic problems (Administrative Record ("A.R.") 56-58,63). At a hearing before an Administrative Law Judge ("ALJ"), Plaintiff testified to pain of allegedly disabling severity (A.R. 452-56). The ALJ found that, despite "severe degenerative disc disease," Plaintiff "would not have experienced severe disabling pain or any other disabling symptoms at any time through December 31, 2000, which is his date last insured" (A.R. 18). The ALJ cited as one of the reasons for rejecting Plaintiff's pain-related testimony, the purported fact that "the claimant has not taken Vicodin, which is strong, narcotic pain reliever, since April 2000" (A.R. 17). The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See <u>Swanson v. Secretary</u>, 763 F.2d 1061, 1064 (9th Cir. 1985).
///

**DISCUSSION**

**I.     The ALJ Based a Credibility Determination, at Least in Part, on a Mischaracterization of the Medical Record.**

When the ALJ determines that a claimant's testimony regarding pain severity is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]  Among the specific findings the ALJ made in an attempt to justify the credibility determination in the present case is the finding that Plaintiff "has not taken Vicodin . . . since April 2000" (A.R. 17). Substantial evidence does not support this finding. According to the medical record, Plaintiff took Vicodin after April 2000 (A.R. 317, 322, 386, 391). The ALJ's mischaracterization of the medical record calls into question the validity of the ALJ's credibility determination and the ALJ's decision as a whole. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the

---

[1]  In the absence of evidence of "malingering," some Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

3

plaintiff's medical record" found to constitute reversible error).

**II.     Remand is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ failed to state sufficient reasons for rejecting a claimant's testimony).[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 30, 2006.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

4